**UNITED STATES of America**

v.

**Sharon WILLIAMS.**

**Crim. No. 1364–69.**

United States District Court,
District of Columbia.

Oct. 26, 1972.

Mervyn I. Aronoff, Washington, D. C., for Sharon E. Williams.

## MEMORANDUM OPINION

JOHN H. PRATT, District Judge.

This case is before the Court on plaintiff's motion to vacate her sentence under 28 U.S.C. § 2255 (1970). The petitioner was arrested in March, 1969, and entered a guilty plea to a violation of 26 U.S.C. § 4704(a) (1970) on October 15, 1969. The Court subsequently ordered her committed to the custody of the Attorney General for an indeterminate period not to exceed ten years as an addict likely to be rehabilitated by treatment under 18 U.S.C. § 4253 (1970). Plaintiff claims that she was only 17 years of age at the time of her conviction and sentence and therefore was eligible as a juvenile for treatment under 18 U.S.C. §§ 5031–37 (1970).

The Court finds on the motion, answer and birth certificate before it that there is no factual conflict as to petitioner's age. She was born on June 6, 1952. Thus, she was a juvenile when present before this Court. The error is understandable and does not appear to have been the Government's but was instead due to the many aliases and birth dates used by the plaintiff for several years.

With no factual issues present, no hearing need be held under 28 U.S.C. § 2255. The Court only must solve the

legal question of jurisdiction to hear the 1969 case.

At the time of petitioner's offense, D.C.Code § 11–1552 (1967) required that this Court transfer the case to the Juvenile Court of the District of Columbia. *Cf.* 18 U.S.C. § 5032 (1970). It is clear then that no jurisdiction was obtained over the juvenile. D.C.Code § 11–1552 (1967). However, the District of Columbia Court Reorganization Act of 1970, if it were applicable, could dictate a different result. *See* D.C.Code § 16–2302(b) (Supp. V, 1972). Accordingly, an order has been entered vacating the previous judgment of this Court.